IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OVED & OVED LLP, a New York Registered Limited Liability Partnership,<br><br>            Plaintiff,<br><br>      v.<br><br>OVED.COM<br><br>            Defendant *in rem*. | )<br>)<br>)<br>)    C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Oved & Oved LLP ("Plaintiff" or the "Firm") by and through its undersigned attorneys, hereby brings this action against Defendant <oved.com>, and for its Complaint alleges as follows:

## SUMMARY OF THE ACTION

1. Plaintiff brings this *in rem* action against the Internet domain name <oved.com> (the *res* or the "Domain Name") under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA").

2. Plaintiff is a boutique law firm based in New York, New York. The Firm owns, among other distinctive marks, the federally registered mark "OVED & OVED LLP ATTORNEYS & COUNSELORS AT LAW." This action seeks to recover the <oved.com> domain name from an anonymous foreign registrant (the "Registrant" or the "Cybersquatter") who has registered the Domain Name in bad faith and without any legitimate rights in the Oved name or any related mark.

3. The <oved.com> domain name incorporates, or is confusingly similar to, the Firm's distinctive marks, and the Cybersquatter now seeks to profit from Plaintiff's marks by offering to sell the Domain Name for an extortionate price.

4. Plaintiff files this *in rem* Complaint against the Domain Name in this district because the Domain Name's registrar and authoritative domain registry are located in this district, while the Registrant is located in Poltava Oblast, Ukraine.

5. Accordingly, Plaintiff respectfully requests an order transferring <oved.com> to the Firm pursuant to the authority conferred on this Court by the ACPA and the Court's *in rem* jurisdiction over the Domain Name.

## THE PARTIES, JURISDICTION, AND VENUE

6. Oved & Oved LLP is a New York Registered Limited Liability Partnership with its principal office at 401 Greenwich Street, New York, New York 10013.

7. The Defendant *res* is the domain name <oved.com>. The Domain Name Registration Data Lookup provided by the Internet Corporation for Assigned Names and Numbers ("ICANN"), does not identify an individual or entity as the registrant of the Domain Name; instead, it states that the Registrant is located in Poltava Oblast, Ukraine and that more detailed information has been redacted for privacy. *See* Ex. A.

8. The information provided by ICANN identifies GoDaddy.com, LLC ("GoDaddy") as the registrar of the <oved.com> domain name. *Id.* The "WHOIS" search on GoDaddy's own website confirms that GoDaddy is the registrar for the Domain Name. *See* Ex. B. GoDaddy is a Delaware Limited Liability Company and is therefore "located" in this District. *See* Ex. C.

9. The authoritative domain registry for the entire ".com" top-level domain is VeriSign, Inc. ("VeriSign"). VeriSign is a Delaware Corporation and is therefore "located" in this District. *See* Ex. D.

10. This Court has subject matter jurisdiction over this action pursuant to the ACPA. The ACPA provides that the owner of a mark may file an *in rem* civil action "against a domain name" if the Court finds that a "domain name violates any right of the owner of a mark" and the owner of that mark is either: (i) unable to locate the person who otherwise would have been a proper defendant in an action under the ACPA, or; (ii) unable to obtain *in personam* jurisdiction over that defendant. 15 U.S.C. § 1125(d). This Court is also granted subject matter jurisdiction by 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338.

11. This Court may properly exercise *in rem* jurisdiction over <oved.com> in this action because, on information and belief, the information provided by ICANN and GoDaddy demonstrates that the Registrant is based in Poltava Oblast, Ukraine. *See* Ex. A. As stated above, more detailed information regarding the Registrant is not available publicly and, on information and belief, the Registrant may have registered the Domain Name anonymously or with fictious information. Accordingly, and after the exercise of due diligence, Plaintiff has not been able to form a good faith belief that personal jurisdiction exists over the Registrant anywhere in the United States.

12. The registry and registrar for the domain name, however, are located in this judicial district. The ACPA provides that the owner of a mark may file an *in rem* proceeding "in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located." 15 U.S.C. § 1125(d)(2)(A). Similarly, the statute specifies that a domain name "shall be deemed to have its situs in the judicial

district in which the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located" or in which "documents sufficient to establish control and authority regarding the disposition of the registration and use of the domain name are deposited with the court."  15 U.S.C. § 1125(d)(2)(C).

13. Accordingly, *in rem* jurisdiction properly lies in this judicial district.

14. In service of the Court's *in rem* jurisdiction, the ACPA commands that "[u]pon receipt of written notification of a filed, stamped copy of a complaint filed by the owner of a mark in a United States district court under this paragraph, the domain name registrar, domain name registry, or other domain name authority" must:  "(I) expeditiously deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain name to the court" and "(II) not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court."

15. Venue is proper in this District because the registrar, GoDaddy, and the registry, VeriSign, are located in this District and a substantial part of the events giving rise to the claims occurred in this District.  *See* 15 U.S.C. § 1125(d)(2)(C)(i); 28 U.S.C. § 1391.

## THE OVED MARKS

16. Oved & Oved LLP is a boutique law firm based in New York, New York.  For approximately two decades, Oved & Oved LLP has operated as a New York Registered Limited Liability Partnership.  In 2001, shortly after its founding, Oved & Oved LLP registered the domain name "ovedlaw.com."  The Firm continues to use this domain name regularly in the ordinary course of its business.

17. In 2007, Oved & Oved LLP filed with the United States Patent and Trademark Office ("USPTO) to register the distinctive service mark "OVED & OVED LLP ATTORNEYS

& COUNSELORS AT LAW" (Registration No. 3571203) and the related service mark "GO WITH THE O" (Registration No. 3618082).  The USPTO accepted these marks for registration and they have been registered with the USPTO continuously since 2009.

18.     In addition to these registered service marks and the <ovedlaw.com> domain name, the Firm has acquired through use strong rights in the "OVED" mark as it pertains to legal services.  Plaintiff has made consistent, *bona fide* use of these collective marks related to the Oved name (herein after referred to collectively as the "OVED Marks") in commerce throughout the United States since at least 2007.  Further, the Firm has devoted significant time, effort, and resources to developing and maintaining the quality of the OVED Marks and the Oved brand.  Indeed, the Firm has invested hundreds of thousands of dollars in marketing and branding efforts to ensure that consumers associate the OVED Marks with sophisticated legal services.

### THE DOMAIN NAME IS REGISTERED IN BAD FAITH

19.     On information and belief, <oved.com> was registered to Oved Diamond Company Ltd., a now-defunct Manhattan-based jewelry retailer, until 2011.  Records maintained by New York State show that the jewelry company dissolved on January 25, 2012, and archived snapshots of the <oved.com> website collected by the Internet Archive Wayback Machine[1] demonstrate that the apparently genuine webpage for this retailer went offline in 2011 or 2012.  *See* Exs. E, F.

20.     On information and belief, the Cybersquatter thereafter registered, and continues to re-register, the Domain Name in bad faith.  The anonymous Ukraine-based Registrant has no legitimate interest in the OVED Marks and no apparent connection to the Oved name.  Plaintiff cannot discern from publicly available information the date on which the Cybersquatter first

---

[1] The Internet Archive Wayback Machine is a website utility that enables users to view archived versions of websites periodically captured by software.

registered the <oved.com> domain, but, on information and belief, Plaintiff believes and alleges that the Cybersquatter registered the <oved.com> domain in 2011 or 2012.

21.     The website to which the <oved.com> domain currently resolves contains no substantive content.  Rather, the website merely re-directs users to a series of online advertisements unrelated to the Oved name.  Upon information and belief, the <oved.com> domain has never resolved to a legitimate website while under the Registrant's control and the Registrant is not currently using the domain name for any genuine or *bona fide* business purposes.  Archived snapshots of the <oved.com> website from the Internet Archive Wayback Machine confirm demonstrate that from approximately 2012 through the present the <oved.com> domain has not displayed any substantive content, and instead has been used to direct visitors to other websites.  *See* Ex. F.

22.     Instead, the Cybersquatter is attempting to profit from its wrongful registration of the Domain Name.  The bad faith registration implied by registrant's disuse of the Domain Name is confirmed by the fact that the registrant has recently offered the Domain Name for sale at the extortionate price of $30,000.  *See* Ex. G.

23.     Consultation of the non-exclusive factors enumerated in the Anticybersquatting Consumer Protection Act leaves no doubt as to the Registrant's bad faith intent to profit:  (i) Oved & Oved LLP has strong rights in the OVED marks, including through federal registration of the mark OVED & OVED LLP ATTORNEYS & COUNSELORS AT LAW and through continuous common law use of the OVED mark since at least 2007; by contrast, the Registrant has no apparent legal interest in any mark or other intellectual property related to the Oved name; (ii) there is no basis to believe that the Domain Name contains the legal name of the Registrant; (iii) the Registrant has never made prior use of the <oved.com> domain name in connection with a *bona fide* offering

of goods or services; (iv) the Registrant cannot invoke fair use; (v) the Registrant's use of <oved.com> as a repository for online advertising evinces the Registrant's intent to divert consumers away from the Firm's legitimate website for commercial gain and creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website; (vi) the Registrant has repeatedly offered to sell the Domain Name for an astonishing profit, including through the GoDaddy auction service, without having made a *bona fide* offering of goods or services; (vii) the Registrant has not provided complete "WHOIS" registration data to the domain registrar and has failed to maintain accurate contact information in connection with the registration of <oved.com>; (viii) the OVED Marks are distinctive and the Firm has devoted considerable resources to increasing is recognition and reputation for quality in the United States and throughout the world.  *See* 15 U.S.C. § 1125(d)(1)(B).

24.     This is precisely the sort of conduct that gives rise to liability under the Anticybersquatting Consumer Protection Act.  *See* 15 U.S.C. § 1125(d).

**COUNT I**

**(Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))**

25.     Plaintiff hereby incorporates Paragraphs 1 through 24 as though fully set forth herein.

26.     The OVED Marks are distinctive in this District and in the United States; the OVED Marks were then, and are now, protected by the Lanham Act.

27.     The Domain Name is either identical to, or confusingly similar and dilutive of, the OVED Marks.

28.     The OVED Marks were distinctive before the Cybersquatter registered or re-registered the Domain Name.  The Domain Name was re-registered long after the OVED Marks

became distinctive. *See, e.g., Schmidheiny v. Weber*, 319 F.3d 581 (3d Cir. 2003). *See also Am. Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co. LLC*, No. 13-cv-324 (RGA), 2017 U.S. Dist. LEXIS 130430, at *34 (D. Del. Aug. 2017) ("Consistent with the purpose and text of the Act, re-registration is a qualifying registration for liability. Thus, distinctiveness and bad faith can be determined at the time of any of the re-registrations, including Defendant's most recent extension of the domain name registration.").

29. The Cybersquatter registered the Domain Name with a bad faith intent to profit. This intent is readily apparent from the conduct described in this Complaint, including the Registrant's registration and re-registration of a domain in which it had no legitimate interest and its subsequent offer to sell this domain at a price far exceeding the cost of registration.

30. The registration and attempt to sell the Domain Name by the Registrant shows a bad faith intent to profit from the goodwill of the Plaintiff's OVED Marks and, thus, constitutes acts of cybersquatting in violation of the ACPA.

31. Upon information and belief, the Registrant is located outside of the United States and this Court lacks personal jurisdiction over that person or entity.

32. The Registrant's conduct warrants an order from this Court requiring the transfer of the <oved.com> domain name to Plaintiff, or, in the alternative, the forfeiture or cancellation of the <oved.com> domain name. *See* 15 U.S.C. § 1125(d)(1)(C) and d(2)(D)(i).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Oved & Oved LLP respectfully prays that this honorable Court award Plaintiff the following relief:

A. A judgment entered for Plaintiff against Defendant <oved.com>;

B. A declaration that Registrant's conduct with respect to the <oved.com> domain violates the Anticybersquatting Consumer Protection Act;

C. An injunction:

i. Ordering the registrar to transfer the Domain Name <oved.com> to Plaintiff;

ii. Or, in the alternative, ordering the registrar to cancel the current registration of the Domain Name <oved.com>;

D. Awarding Plaintiff such other and further relief that this Court may deem just and proper.

OF COUNSEL:

Andrew L. Kincaid, Esq. (*pro hac vice pending*)
OVED & OVED LLP
401 Greenwich Street
New York, New York 10013
akincaid@ovedlaw.com
Tel: (212) 226-2376

DATED: April 12, 2021

/s/ Benjamin J. Schladweiler
Benjamin J. Schladweiler (# 4601)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Phone: (302) 661-7000
Fax: (302) 661-7360
Email: schladweilerb@gtlaw.com

*Attorneys for Plaintiff Oved & Oved LLP*